# MMP&S

**MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**
**ATTORNEYS AT LAW**

1000 Woodbury Road    Suite 402    Woodbury, NY 11797
Telephone: 516.712.4000    Fax: 516.712.4013
www.milbermakris.com

September 19, 2023

**VIA ECF**

Judge Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas St., Chambers 533
White Plains, New York 10601-4150

> Re:   *Domenico Broccoli et al. v. Lance Ashworth, et al.*
>       Case No.            :   7:21-cv-06931-KMK
>       Our File No.        :   420-21099

Dear Judge Karas:

This office is legal counsel to defendants Lance Ashworth ("Ashworth"), Mara Farrell ("Farrell") and William Sandy ("Sandy") (collectively "Defendants") in connection with the above-referenced matter. This correspondence is submitted in compliance with Section II(A) of Your Honor's Part Rules for pre-motion conferences related to permission to serve a motion to stay discovery pending the issuance of a decision on the motions to dismiss the Third Amended Complaint by all parties. For the sake of brevity, this office incorporates by reference and adopts all of the arguments offered by counsel for co-defendant Douglas Mackey in counsel's September 14, 2023 correspondence.

In sum, Defendants are seeking the dismissal of the plaintiffs' Third Amended Complaint in its entirety. Good cause may be aptly demonstrated to stay discovery wherein dispositive motions are being filed by the parties and no prejudice will befall the opposition. *Boelter v. Hearst Communs., Inc.*, 2016 WL 361554, 4 (S.D.N.Y. 2016). Herein, plaintiffs' Third Amended Complaint contains allegations spanning over a decade of time, with the bulk of plaintiffs' claims relating to facts and circumstances beyond any statute of limitations period. Clearly, plaintiffs were unconcerned with time limitations or potential prejudice in waiting so long to file this action, particularly since a majority of the allegations against the Defendants revolve around public forums and efforts. There is no way for plaintiffs to demonstrate that any potential prejudice would be incurred by plaintiffs in delaying the discovery process for a short while until the motions are decided. Discovery stays "pending determination of a dispositive motion that

potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli v. Nat'l Football League*, 2015 WL 7302266, 2 (S.D.N.Y. 2015).

Moreover, as noted above, the allegations within plaintiffs' Third Amended Complaint span almost two decades. Such an onerous effort to compile documents and information spanning such a timeframe will be extremely burdensome. Pending motions to dismiss that may eliminate an action or significantly reduce burdensome discovery warrant the granting of a stay of discovery. *Johnson v. N.Y. Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Plaintiffs' Second Amended Complaint has previously been dismissed in its entirety by Your Honor, and we believe that plaintiffs' have failed to include the required allegations in its Third Amended Complaint to sustain their claims.

As a result of the above, as well as for the reasons set forth in co-defendant's correspondence dated September 14, 2023, it is respectfully requested that the discovery in this action be stayed pending the determination of the Defendants' motion to dismiss the Third Amended Complaint. Thank you for your kind consideration in connection with this matter.

Plaintiffs are to respond to the two letter submitted on the question of staying discovery by 9/22/23.

Respectfully submitted,

So Ordered.

*Patrick F. Palladino*
Patrick F. Palladino  (PP 6663)

9/19/23

2