UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOMENICO BROCCOLI, GLD3 LLC,
*and* SNOOK-9 REALTY INC.,

                Plaintiffs,

    v.

LANCE ASHWORTH, MARA FARRELL,
DOUGLAS MACKEY, WILLIAM SANDY, *and*
DOES 1–25,

                Defendants.

No. 21-CV-6931 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

    Plaintiffs Domenico Broccoli, GLD3, LLC, and Snook-9 Realty, Inc. (collectively "Plaintiffs") filed the instant Action against Lance Ashworth, Mara Farrell, Douglas Mackey, William Sandy, and Does 1-25 (collectively, "Defendants"), alleging one cause of action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and one cause of action for RICO conspiracy, 18 U.S.C. § 1962(d), as well as a state law claim for tortious interference with business relations.  (*See* Third Am. Compl. ("TAC") (Dkt. No. 84).)  On August 18, 2023, Defendants moved to dismiss the TAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* Not. of Mot. (Dkt. No. 100); Not. of Mot. (Dkt. No. 103); *see also* Amended Not. of Mot. (Dkt. No. 106).)[1]  Before the Court are Defendants' Motions To

---

[1] For a more detailed recounting of the procedural history in this case, see the Court's Order and Opinion Granting Defendants' Motion To Dismiss the Second Amended Complaint ("SAC MTD Op.") 20–22 (Dkt. No. 78).

Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page.

Stay Discovery.  (*See* Letter from Anjali Bhat, Esq. to Court (Sept. 14, 2023) (Dkt. No. 109); Letter from Patrick F. Palladino, Esq. to Court (Sept. 19, 2023) (Dkt. No. 111).)

Under the Federal Rules of Civil Procedure, a district court "may, for good cause, issue an order [in favor of any person from whom discovery is sought] to protect [that] person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1); *accord Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). Although, in general, "[a] motion to dismiss does not automatically stay discovery," "upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to [Rule] 26(c)." *K.A. v. City of New York*, No. 16-CV-4936, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). "The party seeking the stay . . . must establish good cause for the stay." *Id.* (alteration and citation omitted); *accord Christie's, Inc.*, 316 F. Supp. 3d at 677 (citing *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504, 505 (2d Cir. 2011)).

"In evaluating good cause, courts will consider: (1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *K.A.*, 2022 WL 3996710, at *2 (citing *Hong Leong*, 297 F.R.D. at 72); *accord Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020); *see also Am. Fed'n of Musicians & Emps.s' Pension Fund v. Atl. Recording Corp.*, No. 15-CV-6267, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) ("When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: '(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair

2

prejudice to the party opposing the stay.'" (quoting *Negrete v. Citibank, N.A.*, No. 15-CV-7250, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015))).

The Court concludes that these factors weigh in favor of staying discovery during the pendency of Defendants' Motions to Dismiss the TAC. Turning first to the breadth of discovery sought, the Court notes that on September 1, 2023, Plaintiffs served 57 Requests for Production ("RFPs") on Defendants, several of which had numerous subparts. (*See* Letter from Stephen J. Riccardulli, Esq. to Court (Sept. 22, 2023) ("Riccardulli Letter") Ex. 1 (Dkt. Nos. 113, 113-1).) The vast majority of these RFPs seek "[a]ny and all communications," "[a]ny and all documents," and "[a]ny and all documents and communications" concerning myriad subjects, and in the Instructions for the RFPs Plaintiffs state that "[u]nless otherwise specified, the period applicable to [the RFPs] is January 1, 2008 to the present" (i.e., a period of nearly 16 years). (*See* Riccardulli Letter Ex. 1 at 5–12.) Although Plaintiffs argue that "the only 'burden' imposed by the 'subparts' will be the entry of multiple search terms into an electronic database," (Riccardulli Letter 3), they ignore the reality that the RFPs would likely require Defendants to conduct an extensive pre-production review of documents hitting on those search terms for both responsiveness and privilege, and "would likely require [] massive production[s] on the part of [] Defendants," particularly since Plaintiffs seek all responsive documents dating back to January 1, 2008, *Negrete*, 2015 WL 8207466, at *2. Thus, the Court finds that Plaintiffs' RFPs are substantial and impose significant discovery obligations on Defendants at this early stage in the case. *Cf. Hertz Global Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 19-CV-6957, 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (granting the defendants' motion for a stay of discovery where the plaintiff had "served just one request for documents and notice of deposition" and that document request sought "ten broad categories of documents, including *all*

3

*documents and communications* regarding the [underlying contract] negotiation, drafting and performance of the relevant policies" (emphasis added) (citations omitted)).

As to the "strength of the underlying motion" prong of this analysis, "courts tend to consider whether the resolution of the pending motion to dismiss may dispose of the entire action." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (brackets and quotation marks omitted) (collecting cases). Here, Defendants are seeking to dismiss the TAC in its entirety, (*see, e.g.*, Not. of Mot. (Dkt. No. 100)), just as they did—successfully—with respect to Plaintiffs' Second Amended Complaint, (*see* SAC MTD Op. 46). Although the Court expresses no view at this time on the merits of Defendants' Motions To Dismiss the TAC, it is clear that Defendants have presented "substantial arguments for dismissal" of this Action, which augers in favor of granting the discovery stay. *Ema Fin., LLC*, 336 F.R.D. at 79; *Hong Leong*, 297 F.R.D. at 72.

Finally, the Court finds that Plaintiffs will not face any significant prejudice as a result of a discovery stay. Tellingly, Plaintiffs point to no specific reason why a stay would prejudice them. (*See generally* Riccardulli Letter.) Instead, Plaintiffs simply assert that "Defendants' argument that Plaintiffs will not be prejudiced by a stay because Plaintiffs waited too long after filing their complaint is without merit" and state that "Plaintiffs are merely seeking to start paper discovery—which likely will be the most time consuming aspect of discovery—so as to use this time productively." (*Id.* at 3.) Insofar as Plaintiffs are contending that they are prejudiced merely by waiting for the Court to render a decision on Defendants' Motions To Dismiss the TAC, the Court notes that "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is

inherent in any stay." *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018); *see also Spinelli v. Nat'l Football League*, No.13-CV-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue. At this stage of the litigation, with the viability of the new [c]omplaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." (alteration, quotation marks, and citation omitted)).

Accordingly, for the reasons set forth above, discovery in this Action is hereby stayed, pending the Court's decision on Defendants' Motions To Dismiss the TAC. (*See* Dkt. Nos. 100, 103, 106.) The Clerk of Court is respectfully directed to terminate the pending Motions To Stay Discovery. (Dkt. Nos. 109, 111.)

SO ORDERED.

DATED:   October 11, 2023
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE